UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lonesome Carriage Furniture Company,

       Plaintiff,

v.

Valley Mechanical, LLC, *et al.*,

       Defendants.

Civ. No. 11-1498 (RHK/LIB)
**ORDER**

---

  This matter is before the Court *sua sponte*.

  Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Lonesome Carriage Furniture Company ("Lonesome") commenced this action against Valley Mechanical, LLC ("Valley"), Lawrence Reiling, and Josh Hennessee, asserting claims sounding in contract and fraud. Lonesome alleges in the Complaint that it is a Minnesota corporation with its principal place of business in Pequot Lakes, Minnesota. (Compl. ¶ 1.) It further alleges that Reiling and Hennessee are Iowa residents and that Valley "is an Iowa limited liability corporation with a principal place of business [in] Clermont, Iowa." (Compl. ¶¶ 2-4.) No further allegations regarding the parties' citizenship are found in the Complaint.

  As the party invoking the Court's jurisdiction, Lonesome bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. &

Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). It has failed to do so here for two reasons.

First, as noted above, Valley is a limited liability corporation, and hence its citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint contains no information about the citizenship of Valley's members – indeed, no members are identified in the Complaint at all.[1] Second, Lonesome alleges that Reiling and Hennessee are *residents* of Iowa. But citizenship is determined by an individual's *domicile*, e.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990), and residence and domicile are not synonymous. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

For these reasons, the Court cannot determine from the face of the Complaint whether diversity jurisdiction exists in this case. Based on the foregoing, **IT IS**

---

[1] Lonesome should not be heard to complain that it lacks sufficient information at this juncture to adequately allege the citizenship of Valley's members. By commencing this action here, it was required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).

- 3 -

**ORDERED** that Lonesome shall redress the deficiencies set forth above on or before June 24, 2011, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:  June 9, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
